UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 1, 2019

RE:   *Vanessa V. o/b/o A.S. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-1964

Dear Counsel:

On June 28, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor child, A.S. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed a claim for Children's SSI on behalf of A.S. on November 26, 2013, alleging a disability onset date of June 1, 2010. Tr. 154-62. The claim was denied initially and on reconsideration. Tr. 72-75, 83-84. A hearing was held on June 15, 2017, before an Administrative Law Judge ("ALJ"). Tr. 36-51. Following the hearing, the ALJ issued an opinion denying benefits. Tr. 13-30. The Appeals Council ("AC") denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ evaluated Plaintiff's claim using the three-step sequential process for claims involving Children's SSI, as set forth in 20 C.F.R. § 416.924. First, the ALJ determines whether the child has engaged in substantial gainful activity. § 416.924(a), (b). If the child has not engaged in substantial gainful activity, the ALJ proceeds to step two and determines whether the child has a severe impairment or combination of impairments. § 416.924(a), (c). At step two, if the child "do[es] not have a medically determinable impairment, or [the] impairment(s) is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations," then the ALJ will determine that the child is not disabled. § 416.924(c). However, if the ALJ determines that the child has a severe impairment or combination of impairments, then the ALJ proceeds to step three of the evaluation to determine whether the child's impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). § 416.924(d).

An impairment medically equals the listings "if it is at least equal in severity and duration to the criteria of any listed impairment." § 416.926(a). An ALJ may determine that the impairment medically equals a listed impairment if: (1) there are other findings related to the child's

impairment, not included in the listing requirements, that are at least of equal medical significance to the otherwise lacking required criteria; (2) the child has an impairment not described in the listings with findings that are at least of equal medical significance to those of a closely analogous listed impairment; or (3) if the child has a combination of impairments, none of which meets a listing, but which result in findings that are at least of equal medical significance to those of a closely analogous listed impairment. § 416.926(b).

If an impairment neither meets nor medically equals a listing, an ALJ may determine that the child's impairment is functionally equivalent to the listings. § 416.926a. The ALJ uses a "whole child" approach, when making a finding regarding functional equivalence. SSR 09–1p, 2009 WL 396031, at *2 (S.S.A. Feb. 17, 2009). The ALJ begins this approach by first considering the child's every-day functioning in all settings including "everything [the] child does throughout the day at home, at school, and in the community," as compared to children of the same age who do not have impairments. *Id.*; 20 C.F.R § 416.926a(b). The ALJ then uses six domains or broad areas of functioning to assess the child's capacity to perform or not perform activities. SSR 09–1p, 2009 WL 396031, at *2. The six domains are (i) acquiring and using information, (ii) attending and completing tasks, (iii) interacting and relating with others, (iv) moving about and manipulating objects, (v) caring for yourself, and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals the listings if the ALJ determines that the child has "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).

The ALJ evaluated Plaintiff's claim using the three-step sequential process for claims involving Children's SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Plaintiff's claim. At step one, the ALJ found that A.S. had not engaged in any substantial gainful activity since the application date. Tr. 16. At step two, the ALJ found that A.S. suffered from the severe impairment of Attention Deficit Hyperactivity Disorder ("ADHD"). *Id.* At step three, the ALJ found that A.S. did not have an impairment or combination of impairments that met or medically equaled any listing. Tr. 16-17. Additionally, the ALJ determined that A.S. did not have an impairment or combination of impairments that functionally equals the listings. Tr. 17-29. Therefore, the ALJ determined that A.S. was not disabled for purposes of Children's SSI benefits. Tr. 29-30.

As an initial matter, Plaintiff argues that the ALJ improperly assessed her credibility. ECF 14-1 at 3-5. The cases Plaintiff cites are those regarding an ALJ's evaluation of a claimant's assertions of disabling pain. *Id.* Those cases do not translate easily to the assessment of a Children's SSI claim, since the question is not whether or not the child experiences symptoms, but whether those symptoms should be classified as "less than marked," "marked," or "extreme." Plaintiff argues that because the ALJ assigned "great weight" to the State agency physicians, the ALJ should have adopted their finding that Plaintiff's statements about the intensity, persistence, and functionally limiting effects of A.S.'s symptoms were "substantiated by the objective medical evidence alone." *Id.* (citing Tr. 57, 68). However, the record evaluated both by the ALJ and the non-examining State agency physicians consists primarily of educational records and information

2

provided by Plaintiff regarding her son, not medical evidence, objective or otherwise. Additionally, the ALJ specifically cites to several of Plaintiff's own comments in his opinion, meaning that he appropriately considered the subjective evidence in the record. *See, e.g.*, Tr. 18 (Plaintiff "said the claimant's medication was effective, but wore off prior to the end of the school day. She indicated there had been more change since he recently started new medication in the last two weeks."); Tr. 20 (Plaintiff reported that the claimant's "behavior was challenging at times, but most of the time he behaved."); Tr. 21 (noting "the claimant, his mother, and his 5th grade teacher all indicated that the claimant's medication helps significantly."). Accordingly, I find no error in the evaluation of Plaintiff's subjective assertions of A.S.'s symptoms.

Plaintiff's remaining argument is that the ALJ erroneously deemed A.S. to have "less than marked" impairments in two functional areas: acquiring and using information, and attending and completing tasks. ECF 14-1 at 5-8. Claimants bear the burden of showing their impairments meet or equal the listings. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (stating claimants bear the burden in steps one through four of evaluating adult disability claims, where step three involves deciding if the impairment meets or medically equals the listings) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)). Here, Plaintiff has not met her burden to prove that A.S.'s impairments functionally equal the listings.

The functional area of acquiring and using information refers to a child's ability to learn information, and how well a child uses the information learned. 20 C.F.R. § 416.926a(g). In finding less than marked limitations in this area, the ALJ cited both to evidence reflecting the limitation and evidence suggesting that A.S.'s performance improved on medication. For example, the ALJ summarized the report from A.S.'s 5th grade teacher, who noted "very serious" or "obvious" problems in some academic areas and "no" or "slight" problems in others. Tr. 22-23. The ALJ also summarized A.S.'s middle school report cards, which are generally good, including one semester on the Honor Roll. Tr. 23. An evaluation from A.S.'s 8th grade teacher stated that he was working below grade level in certain areas, but that he is "largely self-sufficient in class, including getting started, working on, and completing classwork. However, if he is unfocused or distracted (which is frequent), he can miss instruction." Tr. 23. The ALJ also cited the State agency disability experts, who found that A.S. had less than marked limitations in this domain. *Id.*

The functional area of attending and completing tasks refers the ability to focus, maintain attention, how well and at what pace a child begins, carries through, and finishes activities, and the ease with which a child can change activities. 20 C.F.R. § 416.926a(h). Here, A.S.'s documented improvement while on ADHD medication was central to the ALJ's finding of less than marked limitations. The ALJ cited the report from A.S.'s 5th grade teacher that "without his medication, the claimant had trouble with impulse control, focus, and work completion and it was quite disruptive to the classroom." Tr. 24. However, the ALJ noted A.S.'s significantly improving grades over time, his ability to sustain attention to sports, to focus long enough to finish an assigned activity or task and to complete homework assignments. Tr. 24-25. The ALJ also acknowledged the accommodations, in terms of breaks, tools, and extended time for tests, afforded Plaintiff as a

result of his ADHD. Tr. 24-25. Again, the ALJ noted that the State agency disability experts found less than marked limitations in this domain. Tr. 25.

In arguing for greater limitations in these two functional areas, Plaintiff cites to many of the same educational and medical records discussed by the ALJ, but focuses on different portions. ECF 14-1 at 6-7. There is evidence in this record, even within individual educational or medical reports, that could both support or refute a finding of marked limitations in a particular area. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The evidence cited by the ALJ supports his determination that A.S.'s symptoms interfere, but do not "interfere seriously," *see* 20 C.F.R. § 416.926a(e)(2)(i), with his ability to perform in each functional domain. Therefore, in considering the entire record, I find that the ALJ's determination that A.S. had "less than marked" limitations in the relevant areas is supported by the substantial evidence set forth above. Remand is unwarranted.

For the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment, ECF 19, and DENIES Plaintiff's Motion for Summary Judgment, ECF 14. A separate order follows. Despite the informal nature of this letter, it should be flagged as an opinion.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge